UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KENNETH HARDEN,                    )
                                   )
            Plaintiff,             )
                                   )        Case No. 25-cv-07402
    v.                             )
                                   )        Judge Sharon Johnson Coleman
PPG INDUSTRIES, INC.,              )
                                   )
                                   )
            Defendant.             )

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kenneth Harden accuses his former employer, Defendant PPG Industries, of retaliating against him for raising complaints of an unsafe workplace owing to co-workers' alleged use of cannabis while on the job. Before the Court today is Defendant's motion to dismiss Mr. Harden's claims of Intentional Infliction of Emotional Distress (Count V) and Negligent Infliction of Emotional Distress (Count VI). For the following reasons, the Court grants Defendant's motion and dismisses those claims.

**BACKGROUND**

**Allegations**

The following facts are drawn from Mr. Harden's second amended complaint, dkt. 33 [hereinafter "SAC"], and are presumed true for the purpose of resolving the instant motion.

Around 2023, Plaintiff, Kenneth Harden ("Mr. Harden"), began to work for Defendant, PPG Industries ("PPG"), as a temporary employee. He was hired on a permanent basis on October 19, 2023 as an order picker. PPG is a corporation that produces paints, coatings, and specialty materials. Mr. Harden worked primarily in the warehouse and used a forklift for loading and unloading products. During this time, Mr. Harden noticed several of his coworkers vaping THC or cannabis products

during work. On or about June 11, 2024, Mr. Harden complained to Tim Featherson ("Mr. Featherson"), Operations Manager, that he had observed several of his co-workers using THC or cannabis products and operating heavy machinery. He complained that this behavior by his co-workers was endangering himself and others working alongside these employees. Mr. Featherson told Mr. Harden that he would have the human resources department investigate his complaint.

The next day, Mr. Harden met with Mr. Featherson again and handed him a written report of his complaint. Mr. Featherson told Mr. Harden that he would not sign the written complaint as he had already handed the matter to the human resources business department. About a month later, the human resources department stated that it investigated the complaint and found no evidence of THC or cannabis use by the employees Mr. Harden reported. However, human resources did not conduct any drug tests on the employees Mr. Harden identified.

Later that summer, one of the employees about whom Mr. Harden had complained "ran a forklift into the building, leaving a large hole in the wall." SAC ¶ 13. Following this incident, there was no post-accident drug test performed on the employee.

On or about October 16, 2024, PPG terminated Mr. Harden and offered him a severance package. PPG claimed that it terminated him as a business decision and not "for cause." Mr. Harden alleges that PPG "outrageously and intentionally" failed to take his complaint seriously to prevent drug use and accidents in his workplace and thereby caused him to suffer severe emotional distress.

**Procedural History**

After being fired, Mr. Harden initiated a complaint in the Circuit Court of DuPage County, Illinois. On July 1, 2025, PPG removed the case to the Northern District of Illinois. Dkt. 1. On October 27, 2025, with this Court's approval, Mr. Harden filed a second amended complaint ("SAC"). Dkt. 30. On November 24, 2025, PPG Industries submitted a partial answer and affirmative defenses to Mr. Harden's SAC. Dkt. 36. PPG also filed the instant motion to dismiss two counts from Mr.

Harden's SAC. Dkt. 37. On December 15, 2025, Mr. Harden's attorney filed a memorandum in opposition to PPG's motion to dismiss. Dkt. 42. The motion to dismiss was brief on January 5, 2026, after which the Court took the motion under advisement.

## LEGAL STANDARD

PPG Industries has moved to dismiss Mr. Harden's complaint under Federal Rules of Civil Procedure 12(b)(6). A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim tests the sufficiency of the complaint. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014). To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter… to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In resolving motions under Rule 12(b)(6), the Court accepts all well-pleaded factual allegations as true and construes all reasonable inferences in the plaintiff's favor. *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 2 F.4th 1002, 1007 (7th Cir. 2021).

## DISCUSSION

Mr. Harden's second amended complaint contains seven counts. SAC ¶¶ 22–58. PPG has only moved to dismiss two: intentional infliction of emotional distress (Count V; "IIED") and negligent infliction of emotional distress (Count VI). PPG argues that both counts are preempted by the Illinois Worker's Compensation Act, 820 ILCS § 305/1 *et seq.*, and that Mr. Harden has also failed to state a claim for IIED. Dkt. 38 at *2 [hereinafter Mot. Br.].

In his response brief, Mr. Harden concedes that his negligent infliction of emotional distress claim is preempted by the Illinois Workers Compensation Act. Dkt. 42 at *1. The Court therefore grants PPG's motion with respect to the negligent infliction of emotional distress claim and dismisses Count VI of the complaint, with prejudice. The only remaining questions concern Mr. Harden's IIED claim.

In Illinois, to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove that (1) the conduct was extreme and outrageous; (2) the actor intended that their conduct inflict severe emotional distress or knew there was a high probability that their conduct would inflict such distress; and (3) the conduct in fact caused severe emotional distress. *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988). The Court concludes that the allegations in the second amended complaint do not establish any of these elements. As such, Mr. Harden has failed to state a claim for IIED.

Because the Court concludes that Mr. Harden failed to state a claim for IIED, there is no need to reach the question of whether his claim is preempted by the Illinois Workers Compensation Act.

## I. Extreme and Outrageous Conduct

An IIED claim requires a plaintiff to show that the defendant's conduct was extreme and outrageous. *McGrath*, 533 N.E.2d at 809. It is clear that "mere insults, indignities, threats, annoyances, petty oppressions or other trivialities' do not qualify as outrageous conduct." *McGrath*, 533 N.E.2d at 809 (quoting Restatement (Second) of Torts § 46, Comment *d*, at 73 (1965)). Rather, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency and to be regarded as intolerable in a civilized community. *Kolegas v. Heftel Broad. Corp.*, 607 N.E.2d 201, 211 (Ill. 1992). Conduct is extreme and outrageous if "recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Doe v. Calumet City*, 641 N.E.2d 498, 507 (Ill. 1994). Courts also take a harder look at IIED complaints involving defendants who held a position of power over the plaintiff. *McGrath*, 533 N.E.2d at 809–10.

Defendants argue that Mr. Harden's allegations do not rise to the level of extreme and outrageous conduct within the meaning of the law. Mr. Harden responds that it was outrageous for PPG to force him to work in a dangerous workplace. However, his complaint does not sufficiently allege the necessary requirements to demonstrate extreme and outrageous conduct.

The Seventh Circuit has affirmed that an employer's indifference to its employee's workplace complaints, without more, does not meet the requirement of extreme and outrageous conduct sufficient to support a finding of an IIED claim. *Harrison v. Chicago Tribune Co*, 992 F.2d 697, 703 (7th Cir. 1993); *see also Bannon v. Univ. of Chi.*, 503 F.3d 623, 630 (7th Cir. 2007) ("ordinary workplace stress is not actionable" and therefore is insufficient for asserting an IIED claim). For example, in *Fries v. Antioch True Value Hardware, Inc.*, the defendant ignored the plaintiffs' complaints about sexual harassment in the workplace. No. 06-C-6938, 2007 WL 9814740, at *1 (N.D. Ill. Aug. 13, 2007) (Gottschall, J.). In *Fries*, the district court did not dispute that the alleged sexual harassment suffered by the plaintiffs could have caused sufficiently serious emotional distress to plead an IIED claim, but the employer's mere act of ignoring the complaints did not amount to extreme and outrageous behavior. *Id.* The Court accordingly found that the employer's lack of action, by itself, did not give rise to an IIED claim under Illinois law. *Id* at *2.

Mr. Harden alleges that PPG's failure to act in response to his complaint, which meant that he had to work among other employees allegedly abusing cannabis products on the job, amounted to extreme and outrageous conduct. Although PPG held a position of power over Mr. Harden, there is no evidence that there was any abuse of that power. The mere existence of an employee-employer relationship does not relieve Mr. Harden from the burden of proving the extreme and outrageous nature of PPG's conduct. When Mr. Harden reported the alleged THC/Cannabis use to Mr. Featherson, Mr. Featherson escalated the complaint to the human resources department immediately, regardless of his personal belief of the validity of the complaint. Typically, human resources personnel are equipped with the decision-making authority as to which claims deserve which types of investigation. Here, once the complaint was directed to the human resources department, it was under their purview to determine the necessary steps taken in resolving the complaint. PPG's human resources department investigated the claim, found no evidence, and declined to take further action.

The actions taken by PPG are standard in business settings. PPG's allegedly extreme and outrageous behavior ultimately consists of a failure to investigate Mr. Harden's complaint in the exact manner he desired. The Court draws all reasonable inferences in Mr. Harden's favor, but even still PPG's conduct does not go beyond possible bounds of decency or beyond what a reasonable person could be expected to endure. Rather, it is "ordinary workplace stress that is not actionable." *Bannon*, 503 F.3d at 630. Without more, Mr. Harden cannot show that PPG's actions crossed the threshold from a mere indignity to extreme and outrageous conduct.

## II. Other Elements of Intentional Infliction of Emotional Distress

The Court's finding that PPG did not act in an extreme and outrageous manner is sufficient to grant the motion to dismiss. However, for the sake of completeness, the Court will also briefly address the other elements of the claim.

The second element of an IIED claim is that the actor must have either (1) intended that his or her actions cause severe emotional distress; or (2) knew of and disregarded a high probability that emotional distress would result from his or her conduct. *Pub. Fin. Corp. v. Davis*, 360 N.E.2d 765, 767 (Ill. 1976). Here, PPG argues that Mr. Harden fails to allege facts sufficient to establish either prong. The Court agrees. Mr. Harden alleges that PPG's actions led him to suffer emotional distress, but he does not allege that the corporation (or any of its agents) *intended* to cause such distress or knew to a high probability that emotional distress would result from their conduct. Additionally, Mr. Harden did not address this argument in his reply, and therefore, this element is waived. *See Bonte v. U.S. Bank, N.A.*, 624 F.3d 461, 466 (7th Cir. 2010) ("Failure to respond to an argument…results in waiver," and "silence leaves us to conclude a concession.")

Finally, an IIED claimant must allege that the emotional distress suffered was severe. *Pub. Fin. Corp.*, 360 N.E.2d at 766. Here, Mr. Harden does not sufficiently allege facts from which the level of severity of emotional distress could be inferred. Pleadings that restate the elements of a claim in broad,

conclusory language are inadequate. *Bell Atlantic Corp.*, 550 U.S. 544 at 545 (2007). Simply stating that emotional distress occurred is not sufficient. *Welsh v. Commonwealth Edison Co.*, 306 Ill. App. 3d 148, 156 (1999). In some circumstances, emotional distress can be established through allegations showing extreme and outrageous conduct, *Kolegas*, 607 N.E.2d at 213, but the Court has already concluded that the allegations of PPG's conduct did not amount to extreme and outrageous behavior. Nowhere in the complaint does Mr. Harden state how the alleged emotional distress affected him. This allegation, by itself, is not sufficient to plead that Mr. Harden's emotional distress was severe.

Mr. Harden has not alleged sufficient facts to establish any element of a successful IIED claim. As such, Count V of Mr. Harden's complaint must be dismissed.

## CONCLUSION

For the foregoing reasons, the Court grants PPG Industries' partial motion to dismiss [37]. Count V of Mr. Harden's complaint is dismissed without prejudice and Count VI is dismissed with prejudice.

**IT IS SO ORDERED.**

Date: 6/22/2026

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

– 7 –